

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lance Vaughn (#R00316), ) | |
| ) | |
| Plaintiff, ) | Case No. 15 C 2507 |
| ) | |
| v. ) | |
| ) | Judge Charles R. Norgle |
| Ronald F. Ledvora, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lance Vaughn ("Vaughn") filed a single count complaint against Defendant Ronald F. Ledvora ("Ledvora"), alleging that Ledvora was deliberately indifferent to Vaughn's serious medical needs. Ledvora moves to dismiss Vaughn's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because, Ledvora argues, the claim against him is time-barred. For the reasons discussed below, Ledvora's motion is denied.

## BACKGROUND

Vaughn was a pretrial detainee at the Cook County Jail in Chicago, Illinois from October 2011 to April 12, 2013. Dkt. No. 8, Comp. ¶ 4. In October 2012, Vaughn was chewing on a plastic spoon when a piece of the spoon broke off and allegedly became lodged in his throat. Id. ¶ 24. After unsuccessfully attempting to dislodge the piece of spoon from his throat, Vaughn told a staff member about his problem and requested medical attention. Id. ¶ 26. Vaughn was seen by unidentified medical personnel the next day, at which time he reported that he was experiencing difficulty talking and swallowing. Id. ¶ 27. Vaughn was given pain medication and referred to Dr. Ledvora. Id. ¶ 28.

1

On October 29, 2012, Vaughn was seen by Ledvora. *Id.* ¶ 29. Ledvora prescribed pain medications and ordered an x-ray, which findings were "negative pertinent to diagnosing the condition of Plaintiff's throat." *Id.* ¶¶ 30-31. Ledvora then ordered a CT scan, which also failed to lead to a diagnosis. *Id.* ¶ 32. Vaughn continued to complain about his throat, *id.* ¶ 34, but Ledvora allegedly was "callous toward Plaintiff's ongoing medical condition" and did nothing further to diagnose Vaughn's condition, *id.* ¶ 33.

On February 19, 2013, Vaughn filed a grievance about the medical care he had received for his throat to date. *Id.* ¶ 66. In response to his grievance, Vaughn was scheduled for an appointment at Cermak Health Services. *Id.* ¶ 67. Vaughn appealed the grievance, *id.* ¶¶ 68-70, and according to Vaugh, exhausted his administrative remedies on March 28, 2013, *id.* ¶ 70.

On April 12, 2013, Vaughn was transferred from Cook County Jail to custody of the Illinois Department of Corrections. *Id.* ¶ 36. He subsequently was diagnosed as having a vocal cord polyp. *Id.* ¶¶ 40-50.

Vaughn filed this federal action on approximately March 18, 2015. Vaughn did not attach a certificate of service to the documents he submitted to the Court, but the envelope in which Vaughn mailed his complaint was post-marked either March 18, 2015 or March 19, 2015. *See* Dkt. No. 1-2. Vaughn's complaint was allowed to proceed against Ledvora following initial screening under 28 U.S.C. § 1915A. *See* Dkt. No. 7. Before the Court is Ledvora's motion to dismiss Vaughn's complaint for failure to state a claim.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard does not ask for detailed factual allegations, but the "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

In deciding a motion under Rule 12(b)(6), the Court views the complaint in the light most favorable to the non-movant, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the non-movant's favor. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014). The Court also construes pro se complaints liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A plaintiff may, however, plead himself out of court by alleging facts that show the statute of limitations bars relief. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

## DISCUSSION

Ledvora argues that Vaughn filed his complaint more than two years after Ledvora's treatment of Vaughn ended and therefore any claim Vaughn may have against Ledvora is barred by the statute of limitations. Dkt. No. 22, Mot. to Dismiss at 1. Specifically, Ledvora argues that the allegations of the complaint show that Vaughn was referred to Cermak for medical treatment on March 1, 2013. *Id.* Ledvora's allegedly insufficient care therefore ceased on March 1, 2013, and the two-year statute of limitations began to run on claims concerning that treatment. *Id.* Vaugh, however, did not file his complaint until March 20, 2015. *Id.*

The statute of limitations for an action under 42 U.S.C. § 1983 filed in Illinois is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Thus, on its face, Vaughn's complaint appears to be time-barred.

Illinois, however, allows for tolling of the statute of limitations under certain circumstances. As relevant to this case, "[w]hen the commencement of an action is stayed by . . . [a] statutory prohibition, the time of the . . . prohibition is not part of the time limited for the commencement of the action." 735 ILCS 5/13-216. Vaughn was incarcerated at the time of the events giving rise to this litigation, and so under the Prison Litigation Reform Act, he was required to exhaust administrative remedies before pursuing a claim under section 1983. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Johnson*, 272 F.3d at 521. "[A] federal court relying on the Illinois statute of limitations in a § 1983 case *must* toll the limitations period while a prisoner completes the administrative grievance process." *Johnson*, 272 F.3d at 522 (emphasis added); *Merritte v. LaSalle County Sheriff's Office*, No. 14 C 7058, 2015 WL 8986857, at *7 (N.D. Ill. Dec. 16, 2015).

Ledvora argues, without any legal support whatsoever, that any tolling that may have occurred while Vaughn exhausted administrative remedies does not apply to claims against Ledvora because Vaughn did not identify Ledvora by name in his administrative grievance. The Supreme Court has explained, however, that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance." *Jones v. Bock*, 549 U.S. 199, 219 (2007). And while one circuit has suggested that an inmate's failure to name a defendant in an administrative grievance may make a claim vulnerable to dismissal, *see Curry v. Scott*, 249 F.3d

4

493, 504-05 (6th Cir. 2001), that standard has not been adopted by the Seventh Circuit. Instead, the Seventh Circuit has held that the level of specificity required in a prison grievance is determined by what the administrative rules require. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong*, 297 F.3d at 650.

Ledvora did not identify any regulation that requires an inmate to identify in a grievance the name of the medical personnel who rendered service, and the only information required by the grievance form itself is the date of incident, time of incident, and specific location of incident. *See* Dkt. No. 8-1 at 38, 2/19/13 Grievance. The information provided by Vaughn in the "summary of complaint" section of his grievance satisfied the requirements of the grievance form. *See id.* Vaughn's "summary of complaint" also can fairly be read to encompass all treatment for his throat that he received from all providers. *See id.* Absent a more specific requirement in the regulations, Vaughn was not required to identify Ledvora by name in the grievance to properly exhaust administrative remedies. If Vaughn was not required to identify Ledvora by name to exhaust administrative remedies, then he was not required to identify Ledvora by name to toll the claims against Ledvora while he administratively exhausted his claims. Thus, so long as the February 19, 2013 grievance was timely in relation to the treatment Ledvora rendered to Vaughn, then the grievance was sufficient to toll the limitations period on Vaughn's section 1983 claims while he exhausted those claims.

Accepting Vaugh's allegations as true as it must at this juncture, the facts pleaded by Vaughn show that he started the administrative grievance process on February 19, 2013, and completed the process on March 28, 2013. Vaughn therefore was not required to file his complaint until March 28, 2015. Absent a showing that Vaughn was required to do more than

5

what he did to exhaust administrative remedies against Ledvora, Vaugh's complaint—filed on March 18 or 19, 2015—is timely.

## CONCLUSION

For the foregoing reasons, Ledvora's motion to dismiss [22] is denied. Ledvora shall answer Vaughn's complaint within fourteen days of entry of this order. ~~Initial status conference set for~~ *Agreed written status report due 3-25-16*

Date: 2-26-16     s/ *[signature]*